**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>      Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF COMMERCE,<br>1401 Constitution Ave,<br>Washington, DC 20230<br><br>      Defendant. | Civil Case No. 1:26-cv-2092 |

## COMPLAINT

1.      Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of Commerce ("DOC") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel DOC's compliance with FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4.      Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. PPT seeks to promote transparency and broadly disseminate

1

information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5.      Defendant DOC is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  DOC has possession, custody, and control of records responsive to Plaintiff's FOIA request.

### STATEMENT OF FACTS

6.      On April 15, 2026, PPT submitted a FOIA request to the DOC's National Oceanic and Atmospheric Administration ("NOAA") FOIA Office requesting records from January 20, 2024, through January 20, 2025, records of communications to, from, and including the National Academies of Sciences, Engineering, and Medicine (NASEM) representatives and the following NOAA officials:

   a.   Rick Spinrad

   b.   Jainey Bavishi

   c.   Erik Noble

   d.   Karen Hyun

   e.   Nicole LeBoeuf

   f.   Ken Graham

   g.   Samuel Rauch

   h.   Emily Menashes (herein referred to as the Request and attached hereto as Exhibit A).

7.      Upon submission of the Request, DOC assigned it case number DOC-NOAA-2026- 001529 (Exhibit B).

8. On April 16, 2026, NOAA informed PPT that it reviewed the Request and confirmed it would waive fees in accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and 15 C.F.R. § 4.11(l) (Exhibit C).

9. As of the date of filing, PPT has not received any further communication regarding the records from Request.

10. The Request seeks documents in the public interest because it will help the public's understanding of NOAA and its compliance with its own mission and responsibilities and will allow PPT to convey to the public information about records of communications between NOAA officials and representatives of the NASEM.

11. DOC has still not made any determinations with regard to PPT's FOIA Request despite over 56 days having elapsed. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). DOC has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determinations.

12. DOC has thus violated its FOIA obligations.

13. Because DOC failed to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

14. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

3

15. PPT's DOC request discussed above was a properly submitted request for records within the possession, custody, and control of DOC.

16. DOC is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

17. DOC is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

18. DOC's failure to provide all non-exempt responsive records violates FOIA.

19. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring DOC to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

A) Assume jurisdiction in this matter and maintain jurisdiction until DOC complies with the requirements of FOIA and any and all orders of this Court.

B) Order DOC to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E). Grant PPT other such relief as the Court deems just and proper.

Dated: June 12, 2026

Respectfully submitted,

PROTECT THE PUBLIC'S TRUST

By Counsel:

/s/*James E. Trainor III*
James E. Trainor III
D.C. Bar ID: TX0012
DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
(415) 433-1700
JTrainor@dhillonlaw.com

*Counsel for the Plaintiff*